928 P.2d 901

**The NEW VILLAGER CONDOMINIUM ASSOCIATION, INC., a non-profit Idaho corporation, Plaintiff–Respondent,**

**and**

**The Villager Condominium Association, Inc., a non-profit Idaho corporation, Plaintiff,**

v.

**IDAHO POWER COMPANY, a Maine corporation, Defendant–Appellant.**

No. 21889.

Supreme Court of Idaho, Boise, November 1996 Term.

Dec. 16, 1996.

**552**

Risch, Goss, & Insigner, Boise, for defendant–appellant. James E. Risch, argued.

Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff–respondent. John F. Kurtz, Jr., argued.

JOHNSON, Justice.

This is essentially an easement case in which there was a prior appeal. *Villager Condominium Ass'n, Inc. v. Idaho Power Co.*, 121 Idaho 986, 829 P.2d 1335 (1992) (*Villager I*). The issues presented in the present appeal concern the trial court's rulings and awards on remand. We conclude:

1. the trial court's order requiring restoration of the use of the easement is not in conflict with *Villager I*;

2. the trial court should not have awarded punitive damages; and

3. the trial court's award of attorney fees must be vacated to allow the trial court to redetermine the prevailing party.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

In 1985, Idaho Power Company (Idaho Power) removed twelve transformers located in underground vaults in two Sun Valley condominium developments and relocated the transformers above ground on concrete pads. The Villager Condominium Association, Inc. and the New Villager Condominium Association, Inc. (the associations) filed separate lawsuits against Idaho Power alleging encroachment, trespass, nuisance and misrepresentation. The trial court consolidated the two lawsuits and found that the change of use of the easement was reasonably foreseeable at the time the easement was established. Following an appeal by the associations of the trial court's denial of their request for relief, this Court reversed the decision of trial court and remanded the case.

On remand, the trial court required Idaho Power to restore the easement to its prior condition within a reasonable time. Because an agreement on a date by which the easement would be restored to its prior condition could not be reached, the associations asked the trial court to order Idaho Power to do so. Following a hearing on the associations' request, the trial court entered an order in which it characterized the ruling in *Villager I* and fashioned relief:

The Supreme Court has ruled that the easements in question could not legally be expanded without authorization; specifically an underground easement could not be expanded into an above ground easement. It is uncontested that defendant is statutorily required to supply electric power to plaintiffs, and therefore the defendant is constrained to supply this electricity via any lawful easement. Since the only lawful easement is an underground easement, the logical conclusion is that defendant is compelled to locating (sic) its transformers underground.

The trial court gave Idaho Power sixty days to accomplish the relocation.

Following a trial on the issue of damages, the trial court awarded the New Villager Association $6,027.58 in consequential damages and the Villager Association $4,602.34 in consequential damages. The trial court also awarded $10,000.00 in punitive damages, divided equally between the associations, as well as $52,869.26 attorney fees pursuant to I.C. § 12–121 and costs.

Idaho Power appealed. Idaho Power and the Villager Association have recently resolved their disputes, and this appeal now concerns only Idaho Power and the New Villager Association.

## II.

### THE TRIAL COURT'S ORDER REQUIRING IDAHO POWER TO RELOCATE THE TRANSFORMERS UNDERGROUND IS NOT IN CONFLICT WITH *VILLAGER I*

■ Idaho Power asserts that the trial court provided an unduly restrictive interpretation of the ruling of this Court in *Villager I*. We disagree.

The only issue decided by the Court in *Villager I* concerned the expansion of an easement. The Court ruled that by relocating the transformers above ground, Idaho Power expanded the easement without authorization. The Court concluded that "[a]lthough the placement of the transformers above ground may have benefitted Idaho Power by reasons of safety, maintenance, and repair as the trial court found, that finding did not suffice to permit Idaho Power's unauthorized expansion of an underground easement into an above ground easement." *Villager I*, 121 Idaho at 989, 829 P.2d at 1338.

Idaho Power contends that the trial court misread *Villager I* when it required Idaho Power to relocate the transformers underground. Idaho Power argues that the trial court went beyond the question of the property rights of the associations and addressed the duty of Idaho Power to furnish electric service to the associations under the public utilities statutes, which provide:

Every public utility shall furnish, provide and maintain such service, instrumentalities, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and the public, and as shall be in all respects adequate, efficient, just and reasonable.

I.C. § 61–302 (1994). Idaho Power expresses concern that the trial court's ruling may preclude Idaho Power from seeking a declaration from the Idaho Public Utilities Commission (IPUC) that the underground easement is inadequate for the safe delivery of electric service to the associations.

As we see it, the trial court merely ordered the restoration of the use of the easement as it existed before Idaho Power placed the transformers above ground. While this Court did not direct the trial court to order Idaho Power to restore the transformers underground, the trial court's order is not in conflict with *Villager I*. During oral argument in the present appeal, counsel for Idaho Power acknowledged that following *Villager I*, Idaho Power had only two options: either to seek an expanded easement or to put the transformers back underground. Idaho Power does not take the position that one of its options was to cease electric service to the condominiums. The trial court's ruling simply confirms that the only easement currently available for the supply of electric service to the condominiums is the underground easement and does not constitute a ruling that this easement provides a safe method of delivery. In *Villager I*, this Court did not address the safety issue raised by I.C. § 61–302. We merely noted that Idaho Power had contended that its concern for safety was one of the reasons it placed the transformers above ground. Neither *Villager I* nor the trial court's ruling on remand forecloses Idaho Power from addressing the safety issue to IPUC.

## III.

## THE TRIAL COURT SHOULD NOT HAVE AWARDED PUNITIVE DAMAGES

■ Idaho Power asserts that the trial court should not have awarded the associations punitive damages. We agree.

■ "It is well settled that punitive damages are not favored in the law and should be awarded only in the most unusual and compelling circumstances, and are to be awarded cautiously and within narrow limits." *Manning v. Twin Falls Clinic & Hosp. Inc.*, 122 Idaho 47, 52, 830 P.2d 1185, 1190 (1992). In *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 665 P.2d 661 (1983), the Court restated the conduct that will support an award of punitive damages:

An award of punitive damages will be sustained on appeal only when it is shown that the defendant acted in a manner that was "an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences." The justification for punitive damages must be that the defendant acted with an extremely harmful state of mind, whether that state be termed "malice, oppression, fraud or gross negligence"; "malice, oppression, wantonness"; or simply "deliberate or willful."

*Id.* 104 Idaho at 905, 665 P.2d at 669 (citations omitted).

■ On appeal, our task is to determine whether there is substantial and competent evidence in the record to support an award of punitive damages. *Manning*, 122 Idaho at 52, 830 P.2d at 1190.

In awarding punitive damages, the trial court stated:

The Court is of the opinion that the Defendant acted in a manner that was an extreme deviation from the reasonable standards of conduct. The Defendant violated their own internal policy which required a confirmation that they had an easement before starting any project. Idaho Power failed to review its own records to determine whether it had a written easement prior to relocating the transformers. At the very least the Defendant should have consulted the Associations and notified them of the relocation. The responsibility was upon the Defendant to insure that its actions were within the law. The Court concludes that Idaho Power acted with gross negligence, deviating from the reasonable standards of conduct of the indus-

try and expected by their customers. The Court therefore awards punitive damages.

We conclude that there is not substantial and competent evidence to support a finding that Idaho Power acted with gross negligence, deviating from the reasonable standards of conduct of the industry and expected by their customers. Although there is conflicting evidence concerning whether Idaho Power violated its internal policy, failed to review its own records, and failed to consult with and notify the associations of the relocation, this is not evidence of an "extreme deviation from the reasonable standards of conduct" nor does it show that Idaho Power acted with an "extremely harmful state of mind." It would be difficult for us to conclude otherwise, in the face of the trial court's ruling in favor of Idaho Power in *Villager I*, as well as the willingness of two members of the Court in *Villager I* to affirm the trial court's ruling in favor of Idaho Power's relocation of the transformers above ground.

## IV.

### CONCLUSION

We affirm the trial court's order requiring Idaho Power to restore the transformers to the underground easement.

We reverse the trial court's award of punitive damages and remand the case to the trial court for appropriate amendment of the judgment.

In light of our ruling on punitive damages, we vacate the trial court's award of attorney fees and direct the trial court on remand to redetermine whether the New Villager Association continues to be the prevailing party, and if so, whether to award the association attorney fees and in what amount.

Because of the mixed result, we award no costs or attorney fees on appeal.

McDEVITT, C.J., TROUT and SCHROEDER, JJ., and RANDY SMITH, J. Pro Tem., concur.